United States District Court
Southern District of Texas
FILED

MAY 0 3 2004

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| ELLENA PATRICIA ARIZPE, Individually and<br>MONZERAT SUAREZ, Individually<br>Plaintiffs<br>vs.<br>FORD MOTOR COMPANY<br>Defendant | §<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO.: B-04-037<br>JURY |

## JOINT REPORT ON CONFERENCE REQUIRED BY RULE 26(f) AND JOINT DISCOVERY/CASE MANAGEMENT PLAN

1. List cases pending in this, or any other district, with their cause number and judicial district, which are related to this case.

   **RESPONSE: There are three (3) similar lawsuits involving allegations made against Ford Motor Company pending before this Honorable Court:** Civil Action No. B-04-037 – *Ellena Patricia Arizpe*, et al vs. Ford Motor Company; Civil Action No. Civil Action No. B-04-036; *Pedro Martinez Rodriguez, et al vs. Ford Motor Company*; and Civil Action No. 04-CV-43; *Elena Torruco Reyes, et al vs. Ford Motor Company.*

   **In addition to the cases pending in this Court, there are multiple lawsuits filed against Ford Motor Company, based on similar allegations as those contained in this case. These cases are too numerous to set forth here.**

2. Can and should this case be consolidated with those cases, if any?

   **RESPONSE: The parties agree that they do not believe that this case should be consolidated with any other pending cases.**

3. What is the Plaintiffs' allegation of federal jurisdiction?

   **RESPONSE: Plaintiffs did not make an allegation of federal jurisdiction. Plaintiffs filed in state court. Defendants Ford Motor Company removed the matter based on federal diversity jurisdiction.**

4. Does/do the Defendant(s) agree or disagree with this allegation?

   **RESPONSE: The Defendants allege diversity jurisdiction, and Plaintiffs do not disagree with this allegation.**

5.  Does either party anticipate the need to add additional parties?

**RESPONSE: Plaintiffs do not anticipate any additional parties at this time. If discovery warrants such an allegation, Defendants may allege that the fault of the Explorer's driver is responsible for the crash and Plaintiffs' damages based on discovery. Defendants may also need to seek leave of court to add responsible third parties based on discovery obtained.**

6.  If so, list any additional parties and when they can be added.

**RESPONSE: If discovery warrants such an allegation, Defendants may allege that the fault of the Explorer's driver is responsible for the crash and Plaintiffs' damages based on discovery. Defendants may also need to seek leave of court to add responsible third parties based on discovery obtained.**

7.  List any anticipated interventions.

**RESPONSE: Plaintiffs and Defendants do not anticipate any interventions at this time.**

8.  Is/are there any issue(s) in this case which may raise class allegations or class action issues?

**RESPONSE: None.**

## Discovery

9.  The conference required by Fed. R. Civ. P. 26(f) was held on April 28, 2004 by telephone.

10. Describe the proposed discovery plan agreed upon at the conference. Include the following.

    a) Do you suggest any changes to be made in the timing of the disclosures required by Fed. R. Civ. P. 26(a)(1)? If so, what are they?

    b) If they have not already been made, when will the required disclosures be made?

    c) Is there a need for an <u>initial</u> discovery phase in this litigation, and if so, on what issues is this discovery needed and when will it be completed? (Initial discovery is not all discovery which will be needed in this case. An initial discovery phase is intended only to gather certain basic facts which would have to be known before a party could make the decision to settle the case or attend ADR.)

    d) When will interrogatories and requests for production be sent?

2

e)　　List the names of all persons for whom depositions will be needed and when these depositions will be taken?

f)　　When will the discovery be completed?

**RESPONSE: This case involves the claims of Mexican citizens for an accident that occurred in Mexico. Ford Motor Company filed a Motion to Dismiss the case based on *Forum Non Conveniens*. Ford Motor Company expects to have the issue fully briefed before the Court by the May 17, 2004, scheduling conference. Ford Motor Company intends to file a choice of law motion contemporaneously with defendant's *forum non conveniens* brief. The parties would respectfully urge the Court to enter an order allowing a 45-day period for discovery on the *forum non conveniens* and choice of law issues. Plaintiffs agree to serve all responsive briefing on these issues approximately 15 days later, and defendant's agree to serve a reply, if necessary, approximately ten days later. Similar orders have been entered by Judge Kazen in the Laredo Division to address these issues. *See* Order attached hereto as Exhibit "A".**

**Neither party anticipates needing any depositions prior to the resolution of the *forum non conveniens* and conflict-of-law issues.**

**The parties propose that further discovery, including exchange of initial disclosures, be postponed until the resolution of the *forum non conveniens* and conflict-of-law issues.**

11.　If the parties do not agree on any portion of the discovery plan, describe the separate views and proposals of each party.

**RESPONSE: The parties are in general agreement to the discovery plan as outlined herein.**

### Settlement and Trial Alternatives

12.　Describe the possibilities of settlement or alternate dispute resolution which were discussed at the Rule 26(f) conference.

**RESPONSE: Given the *forum non conveniens* and conflict-of-law issues, the parties agree that settlement is not likely at this point. However, the parties agree to communicate in good faith regarding the potential for any such settlement discussions.**

13.　State what has been done to bring about a prompt settlement.

**RESPONSE: The parties are cooperating in reaching agreements with respect to discovery and pretrial matters that may lead to fruitful resolution discussions.**

14.　Is this case suitable for Alternate Dispute Resolution (ADR)? If so, what has been done to promote ADR?

**RESPONSE:** The parties agree that this case may be suitable for ADR after sufficient discovery has been conducted.

15. Will the parties consent to trial before a Magistrate Judge?

**RESPONSE: The parties do not agree to a trial before a Magistrate Judge at this time.**

16. Has a jury demand been made? It is timely?

**RESPONSE: Ford made a jury demand in its initial state court pleading.**

17. In the event of a trial, how long will it take to try this case?

**RESPONSE: The parties anticipate that it will take 80-100 hours to present evidence in this case. Cases of this nature are generally tried over the course of 2 ½ to 3 weeks (5 trial days per week).**

## Additional Conference Items

18. If there are any motions pending before the Court at this time, list them.

**RESPONSE: Defendant Ford Motor Company together with their original answer filed Motions to Transfer Venue and Subject Thereto Motion to Dismiss Under the Doctrine of *Forum Non Conveniens*. Defendant intends to file further motions and briefing regarding the forum non conveniens and conflict-of-law issues.**

19. Can any of these motions be ruled upon at the initial pretrial and scheduling conference?

**RESPONSE: Plaintiffs do not believe that any pending motions are ripe for ruling at the initial pretrial and scheduling conference. Defendants intend to file further motions and briefing regarding the forum non conveniens and conflict-of-law issues.**

20. Are there any other matters peculiar to this case, including discovery, which deserve the special attention of the Court at the conference?

**RESPONSE: The accident given rise to this suit occurred in Mexico. As a result, the plaintiffs, investigating officers, medical treatment personnel, and any witnesses to the accident reside in Mexico. This may lengthen and complicate the discovery process. These facts also give rise to the *forum non conveniens* and conflict-of-law issues which would be address by the discovery schedule proposed to the Court.**

21. List the names, bar numbers, addresses, and telephone numbers of all counsel.

**RESPONSE:**

*For Plaintiffs*

Juan A. Gonzalez
Attorney inCharge
SDTX No.: 3472
State Bar No. 08129310
Ricardo G. Benavides
SDTX No.: 32205
State Bar No. 24031735

Law Office of Mark A. Cantu
The Atrium
1300 North 10th Street, 4th Floor
McAllen, Texas 78501
Tel: (956) 968-8181
Fax: (956) 687-8868


*For Ford Motor Company*

Evan Kramer
SDTX No.: 12346
State Bar No. 11704650
William Moye
SDTX No.: 34007
State Bar No. 24027553

Brown McCarroll, L.L.P.
1111 Bagby, 47th Floor
Houston, Texas 77002
Tel: (713) 529-3110
Fax: (713) 525-6295

5

Respectfully submitted,

**LAW OFFICE OF MARK A. CANTU**
THE ATRIUM
1300 N. 10th St., Suite 400
McAllen, Texas 78501
Tel: (956) 687-8181
Fax: (956) 687-8868

_____
JUAN A. GONZALEZ
SDTX No.: 3472
State Bar No.: 08129310

ATTORNEY FOR PLAINTIFFS


And

**BROWN McCARROLL, L.L.P.**
1111 Bagby, 17th Floor
Houston, Texas 77002
Tel: (713) 529-3110
Fax: (713) 525-6205

By _____
Evan N. Kramer
Attorney in Charge
SDTX No.: 12846
State Bar No. 11704650
William R. Moye
SDTX No.: 34007
State Bar No. 24027553

ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY

6

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing instrument has been forwarded to the following counsel of record via hand-delivery, facsimile, or certified mail return receipt on this the 30th day of April 2004.

**LAW OFFICE OF MARK A. CANTU**
THE ATRIUM
1300 N. 10th St., Suite 400
McAllen, Texas 78501
Tel: 956/687-8181
Fax: 956/687-8868

_____
WILLIAM R. MOYE